IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tracy B., | ) | Civil Action No. 5:21-cv-02069-SAL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on Plaintiff's[1] Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA") (the "Motion," at ECF No. 22). On January 13, 2022, the Court granted the Government's unopposed Motion for Entry of Judgment with Order of Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). [ECF No. 17.]

Plaintiff subsequently filed the Motion requesting an award of attorney's fees in the amount of Nine Thousand Five Hundred Dollars and 00/100 cents ($9,500.00) and costs in the amount of Three Hundred Fifty Dollars and 00/100 cents ($350.00) (from counsel's Motion to Appear Pro Hac Vice filing fee in the amount of $350.00, ECF No. 9) under the EAJA, 28 U.S.C. § 2412 et seq. [ECF No. 22.]

After consulting with the Plaintiff, the Government next filed a Stipulation for an Award of Attorney's Fees under the EAJA (the "Stipulation") stipulating that Plaintiff should be awarded $9,500.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d) and $350.00 in costs under 28 U.S.C.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended due to significant privacy concerns in social security cases that federal courts refer to claimants only by their first name and last initials in court opinions.

§ 2412(a).[2]  [ECF No. 23.]  Through the Stipulation, the parties stipulate that this award is in full satisfaction of any claims for fees, costs, and other expenses under 28 U.S.C. § 2412, provide the stipulation constitutes a compromise settlement of Plaintiff's EAJA fees request, and further stipulate their agreement does not constitute an admission of liability by the Commissioner under the EAJA.  [ECF No. 23.]

Considering the agreement among the parties and finding the requested award of attorney's fees and costs reasonable, the Court grants the Motion.  The Court accordingly directs the Commissioner to pay the stipulated award of $9,850.00 ($9,500.00 in attorney's fees pursuant to 28 U.S.C. § 2412(d) and $350.00 in costs under 28 U.S.C. § 2412(a)).  [ECF Nos. 22, 23.]  The stipulated award shall be made payable to Plaintiff and delivered to the business address of Plaintiff's counsel.  [ECF Nos. 22, 23.]

EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B)).  *See Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts).

As set forth in the parties' Stipulation, following the Court's entry of this Order, the Commissioner will determine whether Plaintiff has any outstanding federal debt to be offset from the stipulated award.  [ECF No. 23.]  If Plaintiff has no outstanding federal debt, the Commissioner will honor any EAJA assignment that Plaintiff may provide and make the check(s) payable to Plaintiff's counsel.  [ECF No. 23.]  If Plaintiff has outstanding federal debt, however, the

---

[2] The Court notes that the Stipulation provides "that the previously filed EAJA petition is hereby withdrawn." [ECF No. 23.] The Court construes this statement as indicating Plaintiff would like to withdraw its Motion for attorney's fees at ECF No. 22. To evaluate the proposed award of attorney's fees as set forth in the parties' Stipulation against applicable EAJA provisions, however, the Court must reference and rule on the Motion.

Commissioner will make the check(s) payable to Plaintiff directly and deliver the check(s) to the business address of Plaintiff's counsel. [ECF No. 23.] The amount of the stipulated award payable to Plaintiff will be the balance of the amount of the stipulated award remaining after subtracting the amount of Plaintiff's outstanding federal debt, if any. [ECF No. 23.] If Plaintiff has outstanding federal debt exceeding the amount of the stipulated award, the stipulated award will be used to offset Plaintiff's federal debt and no stipulated award shall be paid. [ECF No. 23.]

This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is further without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206 of the Social Security Act, 42 U.S.C. § 406, subject to the provisions of the EAJA.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Court Judge

April 26, 2022
Florence, South Carolina